UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. STONE OIL DISTRIBUTOR, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 09-4440 |
| M/V LUCY, ETC., ETAL | SECTION "C" (3) |

## ORDER AND REASONS

This matter comes before the Court on motion for interlocutory sale of vessel filed by John W. Stone Oil Distributor, L.L.C. ("Stone"). Having considered the record, the memorandum of the plaintiff and the law, the Court has determined that the motion should be granted for the following reasons.

On July 17, 2009, Stone filed a verified complaint under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking, in part, *in rem* recovery against two vessels, the M/V LUCY and the M/V LAURA. The vessels were seized on the same day. The alleged owners, operator and/or charterers of the vessels, F & L Marine Management, Inc. and Bucktown Barges, Inc., named as defendants *in personam*, were served on July 22, 2009. An intervention was filed by Economy Stone Midstream Fuel, L.L.C. ("Economy") on August 3, 2009. The notices of seizure were published in The Times Picayune on August 3, 2009. As of

this date, no answer has been filed by either *in personam* defendant, and the vessels remain under seizure with a substitute custodian. Stone seeks damages in the amount of $74,706.22, and Economy seeks recovery of $17,025.45; the total amount sought in both complaints is $91,731.67.

In this motion, Stone seeks the interlocutory sale of both vessels under Rule E(9)(a)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[1] It provides proof that it has incurred expenses in the approximate amount of $51,000 as of October 5, 2009, with an average additional cost of $528.00 per day, and argues that these expenses are excessive and disproportional to the amounts that is being sought by Stone and Economy.[2]

---

[1] Rule E(9)(a)(1) provides for the interlocutory sale of a seized vessel in full as follows:
> On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold – with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court – if:
>  (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>  (B) the expense of keeping the property is excessive or disproportionate; or
>  (C) there is an unreasonable delay in securing release of the property.

[2] The rule does not specify whether disproportionateness is measured against the amount sought or the value of the vessel. Some courts have indicated that the value of the vessel may be the relevant comparitor. *Gyasi v. M/V ANDRE*, 2008 WL 906761 (S.D.Fla.); *Pee Dee State Bank v. F/V WILD TURKEY*, 1991 WL 355221 (D.S.C.).

The Court acknowledges caselaw indicating that three months without gaining the release of the vessel is not an unreasonable delay on the part of the owner. *Gyasi v. M/V ANDRE*, 2008 WL 906761 (S.D.Fla. 2008). "As a general rule, defendants are given at least four months to bond a vessel absent some other considerations." *United States v. F/V FORTUNE*, 1987 WL 27274 (D.Alaska). See also *Bank of Rio Vista v. Vessel CAPTAIN PETE*, 2004 WL 2330704 (N.D.Cal.); *Boland Marine & Mfg. Co., L.L.C. v. A.G. NAVAJO*, 2002 WL 31654856 (E.D.La.); *Bollinger Quick Repair, L.L.C. LE PELICAN M/V*, 2000 WL 798497 (E.D.La.); *TritonContainer International Ltd. v. Baltic Shipping Co.*, 1995 WL 341579 (E.D.La.); *Ferrous Financial Services Co. v. O/S ARCTIC PRODUCER*, 567 F.Supp. 400 (W.D.Wash. 1983). See also: *Pee Dee State Bank v. F/V WILD TURKEY*, 1991 WL 355221 (D.S.C.)(3 month delay unreasonable); *Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd.*, 1998 WL 128993 (E.D.La.)(3 ½ month delay unreasonable); *Colonna's Shipyard, Inc. v. U.S.A.F. General Hoyt S. Vandenberg*, 584 F.Supp.2d 862 (E.D.Va. 2008)(6 month delay unreasonable*); Silver Star Enterprises, Inc. v. M/V SARAMACCA*, 19 F.3d 1008 (5th Cir. 1994)(7 month delay unreasonable); *Merchants National Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338 (5th Cir. 1981)(8 month delay unreasonable); *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F.Supp. 1434 (M.D.Fla. 1997)(8 month delay unreasonable).

The Court finds that the expense of keeping the vessels is excessive and

disproportionate when compared to the amounts of the liens, and that the four months that have now elapsed constitute an unreasonable delay for purposes of Rule E(9)(A)(I).

Accordingly,

IT IS ORDERED that the motion for interlocutory sale of vessel filed by John W. Stone Oil Distributor, L.L.C. is GRANTED. (Rec. Doc. 17). Counsel shall present the Court with an appropriate order for the sale within ten days.

New Orleans, Louisiana, this 20th day of November, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE